**In Re Anonymous No. 53 D.B. 75**

Disciplinary Board Docket No. 53 D.B. 75.

CURRAN, *Member*, May 1, 1986 —

## I. FACTS

[Petitioner] was convicted on July 30, 1975 by the United States District Court, [      ] District of Pennsylvania, on three counts of mail fraud. Following this conviction, petitioner was suspended from the practice of law for four years retroactive to April 13, 1975. Petitioner petitioned for reinstatement re-

sulting in a recommendation from hearing committee [    ] on March 14, 1979 that petitioner be reinstated. By coincidence, on that very date, March 14, 1979, petitioner was involved in a sordid incident at [A] University resulting in petitioner being charged with open lewdness and defiant trespass. Subsequently, petitioner was charged with terroristic threats and harassment by communication directed toward one of the witnesses to the lewd conduct. The hearing committee reopened the case leading to a recommendation on July 14, 1980 that petitioner not be reinstated which was affirmed by the Supreme Court on January 21, 1981.

On April 9, 1984, petitioner filed a petition for reinstatement which hearing committee [    ] recommended be granted by report filed March 3, 1986, to which the Office of Disciplinary Counsel excepted by brief filed March 14, 1986. Petitioner responded to said brief on April 2, 1986 and the matter was referred to the undersigned for review and recommendation on April 4, 1986.

## II. DISCUSSION

The sole issue for determination is whether petitioner's petition for reinstatement should be granted. Essentially, in order to be reinstated it must be proven that petitioner has the moral fitness and legal acumen to re-enter the Bar (Pa. Rule of Disciplinary Enforcement 218(3)(i)). Also see Philadelphia Newspapers, Inc. v. Disciplinary Board, 363 A.2d 779, (1976).

The Office of Disciplinary Counsel does not contest his legal competence, but believes he is not morally fit to re-enter practice.

The incidents of March 14, 1979 at [A] University were indeed shameful. Petitioner allegedly committed lewd acts toward several [A] coeds and then har-

assed one of these coeds afterwards. Clearly, the prior determination of the hearing committee to reopen and then recommend against reinstatement was entirely warranted.

The hearing committee assigned to the current petition, however, found that since the 1979 incident petitioner has rehabilitated himself to the point where reinstatement is warranted. Petitioner's witnesses included the testimony of Dr. [B] as to the past effect of alcohol on petitioner, its underlying responsibility for the "[A] incident" and the very favorable prognosis for petitioner's recovery.

Petitioner's employer testified as to the exceptional work of petitioner in the management of a $56 million a year business.

The District Attorney of [      ] County felt that no one should be critical of a decision readmitting petitioner. Finally, actions also speak loudly and there are no allegations of misconduct after the 1979 incident.

## III. RECOMMENDATION

Based on the foregoing, the Disciplinary Board of the Supreme Court of Pennsylvania recommends that the petition for reinstatement be granted. It is further recommended that costs be borne and paid for by petitioner.

Ms. Heh did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this May 28, 1986, the recommendation of the Disciplinary Board dated May 1, 1986, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.